IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANA KEIGI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-373-BN |
| | § | |
| SCHNEIDER NATIONAL CARRIERS INC, | § § § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Defendant Schneider National Carriers, Inc. ("Schneider") has filed a Motion for Leave to Designate Responsible Third Party, seeking to designate Edwin Sharp as a responsible third party under Texas Civil Practice and Remedies Code § 33.004. *See* Dkt. No. 36.

No response or objections were filed.

For the reasons explained below, the Court grants Defendant's Motion for Leave to Designate Responsible Third Party [Dkt. No. 36].

## Background

This case concerns a motor vehicle accident that allegedly resulted in injuries to Plaintiff Brittana Keigi, who brings negligence and vicarious liability claims against Defendant Schneider. *See* Dkt No. 1 at 1-2.

Schneider states that a driver that it employed, non-party Biniyam Worku, operated a tractor-trailer in the right lane of Polk Street near the intersection of Wintergreen Road in DeSoto, Texas 75115. *See* Dkt No. 36 at 1. And Plaintiff

simultaneously sat as a passenger in a car driven by non-party Edwin Sharp in the right lane of Polk Street. *See id.*

Schneider alleges that, "[a]lthough Sharp's vehicle was behind Worku's tractor-trailer as Worku began his right turn onto Wintergreen Road, Sharp inexplicitly accelerated in an attempt to wedge his vehicle between the turning tractor-trailer." *Id.* As a result of Sharp's "unsafe right turn" and "fail[ure] to yield the right of way to Worku, his and Worku's vehicles collided. *Id.*

Schneider asserts that "Sharp's acts or omissions caused or contributed to the harm attributed to this impact as alleged by Plaintiff Keigi, including her alleged subsequent medical treatment and right hip fusion surgery." *Id.* at 1-2. And, specifically, Schneider alleges that "Sharp owed a duty to use ordinary care in operating an automobile; he breached that duty; and said breach proximately caused or contributed to the harm and damages that Plaintiff Keigi seeks recovery." *Id.* at 2.

And, so, Schneider requests that the Court grant leave to designate Edwin Sharp as a responsible third party. *Id.*

## Legal Standards & Analysis

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices-Consumer Protection Act [] may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, No. 3:19-cv-1571-B, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (citing TEX. CIV. PRAC. & REM. CODE § 33.002). And, federal courts in Texas allow parties to designate responsible third

parties in diversity cases. *See Davis v. Dall. Cnty.*, No. 3:07-cv-318-D, 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.).

Under this statute, Schneider must move for leave to designate responsible third parties, and the Court must grant such leave unless Keigi timely objects and establishes that Schneider did not plead sufficient facts showing that Edwin Sharp is a responsible third party. *See Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, No. 3:20-cv-1883-D, 2021 WL 4943692, at *3 (N.D. Tex. Oct. 22, 2021); *see also Alvarez v. Toyota Motor Corp.*, No. 3:06-cv-340-D, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (noting that the burden is on the nonmoving party to defeat a motion for leave to designate responsible third parties).

Here, no objections were filed and, as the Texas Rules of Civil Procedure provides, "[a] court shall grant leave to designate the named person as a responsible third party unless another party files an objection." TEX. CIV. PRAC. & REM. CODE § 33.004(a); *see also Crook v. Meza-Muros*, No. 3:23-cv-1096-X, 2024 WL 2804921 (N.D. Tex. May 31, 2024) (granting a motion to designate third party because no objection was filed).

And, so, the Court grants Schneider's motion.

## Conclusion

The Court GRANTS Defendant's Motion for Leave to Designate Responsible Third Party [Dkt. No. 36] for the reasons explained above and grants Schneider's leave to designate Edwin Sharp as a responsible third party under Texas Civil Practice and Remedies Code § 33.004.

-4-

SO ORDERED.

DATED: November 18, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE